UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIZZY SMITH, an individual and KIZZY
SMITH, as Parent and Next of Friend of
T.T., a minor,

        Plaintiffs,

v.                                        Case No. 3:18-cv-749-J-39MCR

FAMILY DOLLAR STORES OF
FLORIDA, LLC, a Foreign Limited
Liability Company and FAMILY
DOLLAR STORES OF FLORIDA, INC.,
a Florida Profit Corporation,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Amended Motion to Remand (Doc. 7; Motion) and Defendants' Response in Opposition (Doc. 9; Response). Plaintiffs filed this case on March 8, 2017, in Florida state court. (Doc. 1.6 at 1). Plaintiffs served Defendants on or around March 23, 2017. Id. at 4. Defendants Family Dollar Stores of Florida, LLC and Family Dollar Stores of Florida, Inc., (collectively, "Family Dollar") removed this case from state court on June 11, 2018, on the basis of diversity jurisdiction. (Doc. 1 at 3; Notice of Removal). Plaintiffs now seek to have this case remanded to Florida state court. For the reasons set forth below, Plaintiffs' Motion is due to be granted.

Plaintiffs' chief argument is that Family Dollar's removal is untimely. While Family Dollar concedes that the removal occurred over one year from when the case was filed, Family Dollar also claims that it just learned that the amount in controversy exceeded

$75,000.00 and that the parties are completely diverse. Response at 2. Family Dollar references a May 9, 2018 letter that it received from Plaintiffs detailing many of the medical treatments that Plaintiff T.T. received and bills "greatly" exceeding $50,000.00. Id. (citing (Doc. 1.4)). Family Dollar claims this letter was the first time that it was placed on notice that Plaintiffs' claims would exceed $75,000.00 Id. at 3. However, Family Dollar does not argue that Plaintiffs' bad faith prevented it from discovering the amount in controversy, nor does Family Dollar address the delay between the time of the letter and the Notice of Removal.

Family Dollar next argues that complete diversity between the parties developed only recently, following Plaintiffs' dismissal of non-diverse Defendant Carmen Bolck. Notice of Removal at 2. However, as Plaintiffs noted in their Motion, Plaintiffs never dropped Defendant Bolck from this case and never filed a Second Amended Complaint. Yet, curiously, when Family Dollar filed its Notice of Removal, it appears that Family Dollar filed a Second Amended Complaint reflecting that Plaintiffs dropped Defendant Bolck. (Doc. 2). The Second Amended Complaint is unsigned, undated, and—upon review of the state court docket—never filed by Plaintiffs. Further, Defendant Bolck was never dropped or dismissed from the state court case. The Court knows of no instance where it is permissible for a defendant to file a complaint on behalf of a plaintiff, drop a party, then use that complaint as the basis for removal. It is not surprising then that Family Dollar retreated from the position it staked-out in the Notice of Removal and rested its removal only on the fraudulent joinder of Defendant Bolck.

The general rule is that a case must removed within 30 days of service upon a defendant of a document "from which it may first be ascertained that the case is one

which is or has become removable." 28 U.S.C. § 1446(b). There is a further limitation that a case cannot be removed despite discovery that it is removable beyond 1 year after the action's commencement. 28 U.S.C. § 1446(c). "Under Florida law, an action is deemed commenced when the complaint is filed." Hawkinson v. State Farm Mut. Auto. Ins. Co., 325 F. Supp. 3d 1293, 1297 (M.D. Fla. 2018) (Corrigan, J.); see also Moultrop v. GEICO Gen. Ins. Co., 858 F. Supp. 2d 1342, 1347 (S.D. Fla. 2012) (holding that "commencement of the action under § 1446(b) occurs when an original complaint is filed, and that the addition of a new claim does not reset the one-year limitation period" (internal quotations omitted)).[1] There is an exception to the 1 year rule if the plaintiff acted in bad faith in order to prevent the defendant from removing the case within the 1 year. Id. Family Dollar argues that Plaintiffs never intended to prosecute their case against Defendant Bolck, and instead joined her to this case solely to defeat diversity jurisdiction. Response at 3. However, Family Dollar must go beyond demonstrating that Defendant Bolck was fraudulently joined, and show that Family Dollar could not remove the case within 1 year of its commencement because of Defendant Bolck's fraudulent joinder.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Consequently, a case may be immediately removed from state court to federal court when a defendant can establish that the non-diverse party was fraudulently joined. Id. Defendant Bolck was part of the state court case since its

---

[1] Following a December 7, 2011 amendment to the removal statute, the repose language regarding the 1 year bar to removability now appears at 28 U.S.C. § 1446(c)(1). Moultrop, 858 F. Supp. 2d at 1345.

inception. He acted as a store manager for the store in which Plaintiffs' suffered their alleged injuries and was sued along with the Family Dollar entities. Despite Defendant Bolck's inclusion in the case, Family Dollar claims Plaintiffs never served discovery on Defendant Bolck nor did Plaintiffs depose her. Notice of Removal at 6; Response at 8. Where Family Dollar's position begins to falter is in its Answers to Interrogatories in which it stated that "[t]here is no record of an employee named Carmen Bolck, and she should not be a party." Response at 8. If Family Dollar knew all along that it never had an employee named Carmen Bolck and that Defendant Bolck should be dismissed, then Family Dollar cannot sustain an argument that it took nearly 15 months from the time the case was initiated before it could ascertain whether Defendant Bolck was properly joined to the case, much less show that it was Plaintiffs' bad faith that prevented Family Dollar from this discovery. Therefore, Family Dollar cannot show that Plaintiffs' bad faith prevented it from determining whether this case was removable for over 1 year. Accord. Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 893 (11th Cir. 2011) (holding that defendant could have discovered that its employee was potentially fraudulently joined prior to his deposition and within the 1 year removal period, and thus, the plaintiffs' alleged fraudulent joinder did not excuse the defendant from the dictates of section 1446(b)).

In addition to the untimeliness of Family Dollar's removal, Family Dollar failed to adequately plead the citizenship of Family Dollar Stores of Florida, LLC. For the purpose of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). To

sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the limited liability company's members. See id. Consequently, Family Dollar's allegations regarding Family Dollar Stores of Florida, LLC are insufficient as the allegations only identify its state of incorporation and principal place of business. See Notice of Removal at 3-4. To sufficiently allege the citizenship of an unincorporated entity or association such as a limited liability company, a party must identify and allege the citizenship of each of the limited liability company's members. See Mallory & Evans Contractors & Eng'r, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011); Rolling Greens, 374 F.3d at 1021-22. Without such information, the Court cannot trace the unincorporated association's citizenship "through however many layers of partners or members there may be." Meyerson v Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also Purchasing Power, 851 F.3d at 1220 ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126-27 (1st Cir. 2011) ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered.").

Having determined that removal in this case was inappropriate, the Court next turns to the application of 28 U.S.C. § 1447(c), which allows the imposition of attorney's fees where a case is remanded to state court after removal and that the removing party lacked an objectively reasonable basis for seeking removal. See Martin v. Franklin

Capital Corp., 546 U.S. 132, 141 (2005) (holding that an award of attorney's fees should be denied "when an objectively reasonable basis exists" for removal); Bauknight v. Monroe Cty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). The award of attorney's fees is to compensate the non-removing party. Bldg. Materials Corp. of Am., No. 615CV548ORL22GJK, 2018 WL 1008442, at *3 (M.D. Fla. Feb. 22, 2018). Based on the record before it, the Court determines that Family Dollar did not have an objectively reasonable basis to remove this case and Plaintiffs should be compensated to offset the costs associated with the wrongful removal. The Court will allow Plaintiffs to seek attorney's fees, but before filing any motion for attorney's fees Plaintiffs and Family Dollar shall meaningfully confer in effort to amicably agree to an appropriate amount without the need for further judicial intervention.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiffs' Amended Motion to Remand (Doc. 7) is **GRANTED**.

2. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court. The Clerk of the Court shall then close this file and terminate any remaining motions and deadlines.

3. On or before **March 15, 2019**, the parties shall meaningfully confer to resolve the amount of attorney's fees due from Family Dollar to Plaintiffs for the wrongful removal of this case. If the parties are unable to agree, Plaintiffs shall file a motion for attorney's fee no later than **March 22, 2019**.

**DONE** and **ORDERED** in Jacksonville, Florida this 4th day of March, 2019.

BRIAN J. DAVIS
United States District Judge

/p

2
Copies furnished to:

Counsel of Record